**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| ROY A. DURHAM, JR.,<br>    Plaintiff, | Case No. 1:14-cv-816 |
| vs | Dlott, J.<br>Bowman, M.J. |
| ERNIE MOORE, et al.,<br>    Defendants. | **ORDER AND REPORT<br>AND RECOMMENDATION** |

Plaintiff, a prisoner who is currently incarcerated at the Toledo Correctional Institution (ToCI) in Toledo, Ohio, initiated this *pro se* civil rights action under 42 U.S.C. § 1983 by filing a motion for leave to proceed *in forma pauperis*.  (Doc. 1).  On November 4, 2014, the undersigned issued an Order staying ruling on the pauper application to allow plaintiff the opportunity to file an amended complaint, as he had indicated in the original complaint that he would do.  (Doc. 2).  The Court set a final deadline date of December 30, 2014 for the filing of the amended complaint.  (Doc. 7).  Plaintiff ultimately filed his amended complaint after the deadline had passed, on January 7, 2015.  (Doc. 9).  By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  This matter is now before the Court for a *sua sponte* review of the amended complaint in accordance with the Prison Litigation Reform Act of 1995 (PLRA).  *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

In the 142-page amended complaint, which supplants plaintiff's 14-page original complaint, plaintiff alleges numerous claims against 73 defendants.  (*See* Doc. 9, ¶¶ 8-79, at PAGEID#: 186-95).  Eight of the named defendants are Ohio Department of Rehabilitation and Correction (ODRC) officials; thirty-six of them are correctional officials and staff at the

Lebanon Correctional Institution (LeCI) in Lebanon, Ohio; twenty-five of them are correctional officials and staff at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio; and the remaining four defendants are correctional officials and staff at (ToCI). (*See id.*). Plaintiff's claims against the defendants stem from his alleged mistreatment at the three prisons since the time of his transfer to LeCI from another prison on October 2, 2012, followed by his transfer to SOCF in June 2013 and then to ToCI on September 4, 2014. (*See id.*, ¶¶ 83, 119, 143, at PAGEID#: 200, 255, 291).

Plaintiff's amended complaint fails to comply with Fed. R. Civ. P. 8(a), which provides that the complaint contain a "short and plain statement of the claim." Because of its length, level of detail and the over-inclusive nature of plaintiff's allegations stemming from numerous incidents that allegedly occurred in three different Ohio prisons since October 2012, the amended complaint presents a difficult, if not impossible, challenge to the defendants in preparing a responsive pleading and for the court to conduct orderly litigation. *Cf. Flayter v. Wisconsin Dep't of Corr.*, 16 F. App'x 507, 508-09 (7th Cir. 2001) (concluding that the district court could have dismissed the 116-page prisoner civil rights complaint for failure to comply with Fed. R. Civ. P. 8 in case where the complaint set forth "in tedious and difficult-to-follow detail what appears to be every request for medical attention Flayter made while in . . . custody and every medical examination he has had since his injury in 1990" and contained allegations "relating to numerous different incidents and defendants"); *see also Banks v. Doe*, 523 F. App'x 503 (10th Cir.) (affirming *sua sponte* dismissal of action without prejudice under Fed. R. Civ. P. 41(b) based on the plaintiff's non-compliance with Rule 8 where the amended complaint expanded from 28 pages to 91 pages with over 30 defendants, and alleged "numerous instances of allegedly illegal and unconstitutional treatment [from May 2009 through December 2012] while

2

[the plaintiff] was housed in different detention facilities"), *cert denied*, 134 S.Ct. 698 (2013); *Binsack v. Lackawanna Cnty. Prison*, 438 F. App'x 158, 160-61 (3rd Cir. 2011) (per curiam) (dismissing as "frivolous" an appeal from the dismissal of a complaint "totaling almost 200 pages," which was "so excessively voluminous and unfocused as to be unintelligible," for failure to comply with Rule 8 after the plaintiff failed to file an amended complaint in accordance with the court's "clear instructions on what was needed to cure the complaint's deficiencies").

In addition, the unrelated claims against the different defendants from three different prisons "belong in different suits, not only to prevent the sort of morass that this [73-defendant] suit [has] produced but also to ensure that [plaintiff] pay[s] the required filing fees" in accordance with the PLRA and is prevented from consolidating unrelated claims as a means to "save money" or "to dodge" the PLRA's three-striker rule limiting the number of frivolous lawsuits or appeals a prisoner may file without prepayment of the required fees. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also Sanders v. Rose*, 576 F. App'x 91, 94-95 (3rd Cir. 2014) (in ruling that the district court erred in finding that the plaintiff's claims should have been brought in separate complaints given that "[a]ll of the incidents occurred within the course of a few months" while the plaintiff was a pretrial detainee at one prison, the Third Circuit agreed with the district court and the Seventh Circuit's decision in *George* that prisoners cannot "circumvent the filing fee requirements of the PLRA" by including "a host of separate, independent claims" in one complaint). *Cf. Green v. Callahan*, No. 2:14cv11453, 2014 WL 1652335, at *2-3 (E.D. Mich. Apr. 23, 2014) (citing *George* and *Riley v. Kurtz*, 361 F.3d 906, 917 (6th Cir. 2004)) (holding that the prisoner "plaintiff's attempt to join together a number of unrelated claims and defendants into one action would thwart the purpose of the [PLRA], which was to reduce the large number of frivolous prisoner lawsuits that were being filed in the federal

courts").

Fed. R. Civ. P. 20(a)(2) provides that defendants may be joined in one action if (A) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) "any question of law or fact common to all defendants will arise in the action." The undersigned finds that plaintiff has not satisfied those criteria for joinder of defendants and claims that arose from incidents occurring from October 2012 to the present time at three separate prisons, one of which (ToCI) is located outside the venue jurisdiction of this Court.

Plaintiff has suggested in his amended complaint that his claims are related to the extent that he has alleged various ODRC, LeCI, SOCF and ToCI defendants, as well as other prison employees, have all failed to adequately protect him from inmate harassment and assaults, which have occurred at every Ohio jail or prison in which he has been confined since he was first incarcerated on criminal charges in Case Nos. CR-08-511177 and CR-09-525549-A. (*See* Doc. 9, ¶¶ 80-82, at PAGEID#: 195-200). Plaintiff was allowed to proceed on such claims in other separate actions filed in the Southern District of Ohio based on incidents that occurred earlier when he was incarcerated at the Warren Correctional Institution (WCI) and Ross Correctional Institution (RCI). *See Durham v. Jeffreys, et al.*, Case No. 1:13-cv-226 (S.D. Ohio) (Black, J.; Litkovitz, M.J.) (involving claims that arose at WCI); *Durham v. Mohr, et al.*, Case No. 2:14-cv-581 (S.D. Ohio) (Marbley, J.; King, M.J.) (involving claims that arose at RCI).[1] In one of those cases, as in this case, plaintiff filed an overly-lengthy and overly-inclusive amended complaint,

---

[1] It appears from the docket record in Case No. 1:13-cv-226 that some claims alleged in plaintiff's second amended complaint were dismissed at the screening stage for failure to state a claim upon which relief may be granted and that other claims were later dismissed for failure to effect service of process. Plaintiff was not allowed to file a third amended complaint in that matter, which is currently pending before the Court for ruling on the five remaining defendants' motion for judgment on the pleadings. *See Durham v. Jeffreys, et al.*, Case No. 1:13-cv-226 (S.D. Ohio) (Black, J.; Litkovitz, M.J.) (Docs. 35, 40, 65, 69, 75). In Case No. 2:14-cv-581, which is also pending in the Court, the defendants recently filed a motion to dismiss. *See Durham v. Mohr, et al.*, Case No. 2:14-cv-581 (S.D. Ohio) (Marbley, J.; King, M.J.) (Doc. 28).

which was found to be deficient in part because plaintiff alleged claims challenging "not only his treatment at Warren Correctional Institution ..., but also his treatment stemming from numerous incidents" occurring over the course of years when he was incarcerated at three other Ohio prisons. *See Durham v. Jeffreys, et al.*, Case No. 1:13-cv-226 (S.D. Ohio) (Black, J.; Litkovitz, M.J.) (Docs. 19, 22). In that case, plaintiff was ordered to file a second amended complaint limited to 20 pages in length and "to causes of action that arose in a location covered by this Court's venue jurisdiction (*i.e.*, Warren Correctional Institution) based on incidents occurring within two years of filing" of the original complaint. *Id.* (Doc. 22).

Similarly, in the instant case, plaintiff has not alleged sufficient facts to show that the treatment he has received at the various Ohio prisons is derived from the "same transaction, occurrence, or series of transactions or occurrences." Plaintiff has not alleged any facts to support his conclusory claim of "conspiracy" between correctional officials and/or staff at the numerous Ohio penal institutions in which he has been incarcerated to not protect him from inmate assaults; nor has he alleged any facts to support the inference that the treatment he has received at each Ohio prison stems from the enforcement of a uniform ODRC policy that is followed by all the prisons in the state.

Therefore, as in the prior case, the undersigned concludes that plaintiff's 142-page amended complaint does not satisfy Fed. R. Civ. P. 8(a). Nor does the joinder of the separate and distinct sets of claims against the 73 defendants in this single civil action satisfy the criteria for joinder under Fed. R. Civ. P. 20(a). Fed. R. Civ. P. 21 prohibits the complete dismissal of an action for misjoinder. *Crawford v. Prison Health Services*, No. 1:12cv409, 2012 WL 4740219, at *2 (W.D. Mich. Oct. 3, 2012); *see also Harris v. Gerth*, No. 08-CV-12374, 2009 WL 368011, at *3 (E.D. Mich. Feb. 11, 2009). However, Fed. R. Civ. P. 21 does grant discretion to the Court

to dismiss misjoined parties "on such terms as are just." *Harris, supra,* 2009 WL 368011, at \*2 (citing *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 682 (6th Cir. 1988)); *see also Crawford, supra,* 2012 WL 4740219, at \*2. In *Crawford, supra,* 2012 WL 4740219, at \*3, the district court explained:

> At least three judicial circuits have interpreted "on such terms as are just" to mean without "gratuitous harm to the parties." *Strandland v. Hawley*, 532 F.3d 741, 745 (8th Cir. 2008) (quoting *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000); *see also DirectTV* [*v. Leto*, 467 F.3d 842, 845 (3rd Cir. 2006)]. Such gratuitous harm exists if the dismissed parties lose the ability to prosecute an otherwise timely claim, such as where the applicable statute of limitations has lapsed, or the dismissal is with prejudice. *Strandlund*, 532 F.3d at 746; *DirectTV*, 467 F.3d at 846-47: *Michaels Building Co.*, 848 F.2d at 682.

In this case, it appears clear from the face of the amended complaint that the only claims that face a potential statute-of-limitations bar to review if they are dropped are plaintiff's claims stemming from his treatment at LeCI, where he was incarcerated from October 2012 to June 2013. The other claims stemming from plaintiff's later confinements at SOCF and ToCI do not trigger statute-of-limitations concerns or any other possibility of "gratuitous harm" if they are dismissed from this action. Therefore, those misjoined causes of action should be dismissed without prejudice to bringing them in separate complaints filed in the appropriate jurisdictions— *i.e.*, in the Southern District of Ohio for claims arising at SOCF and in the Northern District of Ohio for claims arising at ToCI.

Accordingly, in sum, the undersigned **RECOMMENDS** that the claims asserted in the amended complaint against the SOCF and ToCI defendants, as well as against the ODRC defendants based on incidents that occurred at SOCF and ToCI, be **DISMISSED** without prejudice.

It is further **ORDERED** that in order to comply with Fed. R. Civ. P. 8, plaintiff is **DIRECTED** to file a second amended complaint, **which must not exceed 20 pages in length**,

6

setting forth in short and concise terms his claims for relief, limited to claims that arose when he was incarcerated at LeCI from October 2012 until June 2013 based on incidents that occurred within two years of the filing of the instant action. Any amended complaint submitted in compliance with the instructions provided herein must be filed **within twenty-one (21) days** of the date of filing of this Order. Plaintiff is hereby **NOTIFIED** that if he fails to comply with this Order or if he files a second amended complaint that does not comport with this Court's instructions set forth herein, the action may be dismissed for failure to comply with Fed. R. Civ. P. 8 and/or this Order.

    **IT IS SO ORDERED AND RECOMMENDED.**

                                                  s/Stephanie K. Bowman  
                                                  Stephanie K. Bowman  
                                                  United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ROY A. DURHAM, JR.,
    Plaintiff,

vs

ERNIE MOORE, et al.,
    Defendants.

Case No. 1:14-cv-816

Dlott, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the recommendation portion of this Order and Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc