UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROY A. DURHAM, JR.,  Case No. 1:14-cv-816
    Plaintiff,

                                          Dlott, J.
vs                                    Bowman, M.J.

ERNIE MOORE, et al.,            **REPORT AND**
    Defendants.                    **RECOMMENDATION**

       Plaintiff, a prisoner at the Toledo Correctional Institution in Toledo, Ohio, commenced this *pro se* civil rights action under 42 U.S.C. § 1983 in October 2014 by filing a motion for leave to proceed *in forma pauperis*. (Doc. 1).  Because plaintiff indicated in the attached complaint that he would be filing an amended complaint, the undersigned issued an Order on November 4, 2014, requiring plaintiff to file the amended complaint within 45 days and staying ruling on the pauper application until "either the amended complaint is filed or the time period allotted to do so has expired."  (Doc. 2).  Plaintiff was granted an extension to December 30, 2014 in which to file the amended complaint.  (*See* Docs. 5, 7).  Plaintiff filed the amended complaint, which was 142 pages in length, on January 7, 2015 past the deadline date.  (Doc. 9).

       Thereafter, on January 29, 2015, the undersigned granted plaintiff's motion for leave to proceed *in forma pauperis* and issued an Order and Report and Recommendation recommending that certain misjoined claims alleged in the amended complaint be dismissed without prejudice and ordering plaintiff "to file a second amended complaint, **which must not exceed 20 pages in length**, setting forth in short and concise terms his claims for relief, limited to claims that arose when he was incarcerated at [Lebanon Correctional Institution] from October 2012 until June

2013 based on incidents that occurred within two years of the filing of the instant action." (*See* Docs. 10, 11) (emphasis in original). Plaintiff was ordered to file the second amended complaint within twenty-one days. (Doc. 11, p. 7, at PAGEID#: 336).

On February 13, 2015, plaintiff filed a motion for a 3-week extension of time in which to respond to this Court's Order and Report and Recommendation. (Doc. 12). Plaintiff stated in the motion that he had provided the Court with his only copy of his 142-page amended complaint and that "[i]t is necessary for Plaintiff to review [that pleading] before he's able to respond to th[e] . . . Order and Report and Recommendation." (*Id.*, p. 2, at PAGEID#: 339). On February 19, 2015, the District Court notationally granted plaintiff's motion. (Doc. 13). On February 20, 2015, the undersigned also issued an order directing the Clerk of Court to provide plaintiff with a copy of the amended complaint that was filed on January 7, 2015 and ordering plaintiff to file his second amended complaint in compliance with the Order portion of the January 29, 2015 decision "[w]ithin **twenty-one (21) days** of the date of filing of this Order." (Doc. 14). Plaintiff was expressly advised in that Order that "no further extensions will be granted" and that, "as he was warned in the January 29, 2015 Order and Report and Recommendation (Doc. 11, p. 7, at PAGEID#: 336), if he fails to comply with this Order or if he files a second amended complaint that does not comport with the Court's instructions set forth in the January 29, 2015 Order and Report and Recommendation, the action may be dismissed for failure to comply with Fed. R. Civ. P. 8 and/or this Court's orders." (*Id.*, p. 2, at PAGEID#: 343).

Since the filing of the February 20, 2015 order, plaintiff has submitted exhibits and a prisoner trust account statement to the Court. (Docs. 15-16). On March 18, 2015, plaintiff also filed objections to the January 29, 2015 Order and Report and Recommendation, in which he has

2

asked that his 142-page amended complaint against 73 defendants be accepted "as is." (Doc. 17; *see also* Doc. 9).[1] However, plaintiff has yet to file a second amended complaint in accordance with this Court's order of February 20, 2015. (*See* Doc. 14). The 21-day extension period in which to do so ended on March 13, 2015.

District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b).

Here, plaintiff has not complied with this Court's orders issued on January 29, 2015 and February 20, 2015, because he has not filed a second amended complaint in accordance with the instructions set forth in the Order portion of the January 29, 2015 Order and Report and Recommendation or by the extended final deadline date of March 13, 2015. (*See* Docs. 11, 14). Because plaintiff has not complied with orders of the Court required for the prosecution of his action, dismissal is appropriate. Moreover, to the extent that plaintiff has requested in his objections to the January 29, 2015 Order and Report and Recommendation that the 142-page amended complaint against 73 defendants that he filed on January 7, 2015 be accepted "as is," the undersigned remains convinced that the amended complaint fails to comply with Fed. R. Civ. P. 8(a) and contains misjoined claims which should be dismissed without prejudice and raised in separate actions. Plaintiff has not alleged sufficient facts to support his contention that Ohio correctional officials, as well as institutional staff at the various Ohio prisons in which he has

---

[1] It is noted that plaintiff filed his objections after the 3-week extension requested by him in the motion that was notationally granted on February 19, 2015 had expired. (*See* Docs. 12-13).

3

resided over the past several years, are part of a conspiracy or have acted together in a campaign to harass him. Therefore, plaintiff has not demonstrated that the overwhelming number of claims he has asserted against numerous prison officials and staff at three different Ohio prisons should be allowed to proceed in a single action.

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's case be **DISMISSED** with prejudice for lack of prosecution due to plaintiff's failure to comply with this Court's Orders of January 29 and February 20, 2015.

2. Plaintiff's objections to the January 29, 2015 Order and Report and Recommendation (Doc. 17) be **OVERRULED**.

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

s/Stephanie K. Bowman
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROY A. DURHAM, JR.,　　　　　　　　　　　Case No. 1:14-cv-816
　　　Plaintiff,

　　　vs　　　　　　　　　　　　　　　　　Dlott, J.
　　　　　　　　　　　　　　　　　　　　　Bowman, M.J.
ERNIE MOORE, et al.,
　　　Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc

5