UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROY A. DURHAM, JR.,                   Case No. 1:14-cv-816
    Plaintiff,

                                                         Dlott, J.
    vs                                                   Bowman, M.J.

ERNIE MOORE, et al.,                  **REPORT AND**
    Defendants.                           **RECOMMENDATION**

Plaintiff, a prisoner currently incarcerated at the Toledo Correctional Institution, has filed this action under 42 U.S.C. § 1983 against numerous state correctional officials and employees. This matter is now before the Court on the plaintiff's motion filed June 8, 2015 requesting that the action be stayed. (Doc. 22).

The action commenced in October 2014, but has yet to actually proceed against any defendants. Initially, because the plaintiff had stated in his original complaint that he planned to file an amended complaint, the action was stayed pending the filing of the amended complaint, which did not occur until January 7, 2015, a week after the extended deadline date of December 30, 2014. (*See* Docs. 2, 9). The amended complaint submitted by the plaintiff is 142 pages in length and names 73 defendants. Upon *sua sponte* review of the amended complaint in accordance with the Prison Litigation Reform Act (PLRA), the undersigned issued an Order and Report and Recommendation on January 29, 2015 allowing claims stemming from plaintiff's treatment at the Lebanon Correctional Institution (LeCI) to proceed and recommending that other misjoined claims stemming from incidents that occurred at two other prisons "be dismissed without prejudice to bringing them in separate complaints filed in the appropriate jurisdictions." (Doc. 11, p. 6, at PAGEID#: 335). Plaintiff was ordered "to file a second amended complaint, **which must not exceed 20 pages in length**, setting forth in short and concise terms his claims

for relief, limited to claims that arose when he was incarcerated at LeCI from October 2012 until June 2013 based on incidents that occurred within two years of the filing of the instant action" in October 2014.  (*Id.*, pp. 6-7, at PAGEID#: 335-36) (emphasis in original).  Plaintiff was ordered to file the second amended complaint within twenty-one days, but upon plaintiff's request, the deadline date was extended an additional twenty-one days.  (*Id.*, p. 7, at PAGEID#: 336; Docs. 12, 14).  The order granting plaintiff's request for the 21-day extension issued on February 20, 2015, and expressly provided:

> Plaintiff is hereby **NOTIFIED** that (1) no further extensions will be granted in which to file a second amended complaint; and (2) as he was warned in the January 29, 2015 Order and Report and Recommendation (*see* Doc. 11, p. 7, at PAGEID#: 336), if he fails to comply with this Order or if he files a second amended complaint that does not comport with the Court's instructions set forth in the January 29, 2015 Order and Report and Recommendation, the action may be dismissed for failure to comply with Fed. R. Civ. P. 8 and/or this Court's orders.

(Doc. 14, p. 2, at PAGEID#: 342) (emphasis in original).

During the additional 21-day period granted to plaintiff for filing his second amended complaint limited to 20 pages, plaintiff filed 691 pages of exhibits, a prisoner trust account statement, and objections to the undersigned's January 29, 2015 Report and Recommendation essentially requesting that his 142-page complaint against 73 defendants be accepted "as is." (*See* Docs. 15-17).  However, plaintiff did not file the second amended complaint by the deadline date of March 13, 2015.  Therefore, on March 20, 2015, the undersigned issued another Report and Recommendation recommending that the case be dismissed with prejudice for lack of prosecution "due to plaintiff's failure to comply with this Court's Orders of January 29 and February 20, 2015" and that plaintiff's objections to the January 29, 2015 Order and Report and Recommendation be overruled.  (Doc. 18).

Thereafter, on March 26 and April 15, 2015, plaintiff submitted 423 pages of additional

exhibits.  (*See* Docs. 19, 21).  On April 7, 2015, he also filed objections to the March 20, 2015 Report and Recommendation recommending the dismissal of the case for lack of prosecution.  (Doc. 20).  Two months later, on June 8, 2015, he filed the motion to stay proceedings.  (Doc. 22).  The 29-page motion is rambling and difficult to follow.  However, it appears that plaintiff is essentially claiming that he is unable to effectively prosecute this case along with two other cases that he has pending in the Southern District of Ohio (Case Nos. 1:13-cv-226 and 2:14-cv-581) due to lack of financial resources and conditions at the prison negatively affecting "his ability to focus" or prepare the necessary legal work.  (*See id.*).

It is **RECOMMENDED** that plaintiff's motion for stay (Doc. 22) be **DENIED**.  Plaintiff has already filed objections to the two Reports and Recommendations filed January 29, 2015 and March 20, 2015 (Docs. 11, 18), which if adopted effectively dispose of this action.  In addition, nearly five months have elapsed since plaintiff was first ordered to file a second amended complaint limited to 20 pages and incidents that occurred at LeCI when he was incarcerated there from October 2012 to June 2013.  To date, plaintiff has yet to comply with this Court's order even though he was granted an additional 21-day extension in which to do so, which expired long ago on March 13, 2015.  Plaintiff has not provided any explanation that would justify his failure to file a second amended complaint by this point in time, particularly given that he has been prosecuting this case by filing numerous other lengthy documents and motions (including the motion for stay) in the same five-month period.

**IT IS SO RECOMMENDED.**


                                                s/Stephanie K. Bowman  
                                                Stephanie K. Bowman  
                                                United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROY A. DURHAM, JR.,  
    Plaintiff,

vs

ERNIE MOORE, et al.,  
    Defendants.

Case No. 1:14-cv-816

Dlott, J.  
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc